UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JANE DOE,**
Plaintiff,

26 CV 6758

v.

**NICOLE MAZUR, et al.,**
Defendants.

RECEIVED
SDNY PRO SE OFFICE
2026 AUG -6 AM 11:42

Civil Action No.: ______________________

**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

**JURY TRIAL DEMANDED**

## I. PRELIMINARY STATEMENT

Plaintiff Jane Doe respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 10(a) and the inherent equitable powers of this Court for an Order permitting Plaintiff to proceed in this action under the pseudonym 'Jane Doe' rather than her true name. This action arises from a coordinated RICO enterprise involving fraudulent conveyance of real property, elder financial exploitation, false arrest, false imprisonment, Medicare fraud, forgery of medical records, sexual harassment, and systematic reputational harm inflicted upon Plaintiff through the deliberate falsification of psychiatric records by Holyoke Hospital.

Plaintiff's true identity is known to this Court and will be disclosed to Defendants upon entry of an appropriate protective order. Plaintiff does not seek anonymity to shield herself from accountability — she brings this action in good faith to seek justice for serious wrongs committed against her. Rather, Plaintiff seeks pseudonymous status because public disclosure of her identity in connection with the falsified psychiatric records, the false arrest, and the sexual harassment claims at issue in this action would cause Plaintiff irreparable reputational harm far exceeding any public interest in

disclosure of her name, particularly given that the very records at issue were fabricated by Defendants to damage Plaintiff's reputation.

## II. FACTUAL BACKGROUND SUPPORTING PSEUDONYMOUS FILING

### A. Falsification of Psychiatric Records by Holyoke Hospital

At the heart of Plaintiff's claims against Holyoke Hospital is the deliberate falsification of Plaintiff's psychiatric and medical records. Plaintiff was unlawfully transported to Holyoke Hospital following a false arrest in August 2024 — an arrest based on a fabricated assault report in which Roman Levin presented a shirt stained with spaghetti sauce to police as purported blood evidence. A Holyoke Police officer with an undisclosed Facebook friendship with Nicole Mazur — the ringleader of the RICO enterprise — accepted this claim without any forensic testing whatsoever and proceeded with Plaintiff's arrest.

At Holyoke Hospital, Plaintiff was held involuntarily for two weeks. Plaintiff never signed any hospital documents including the voluntary admission form. Plaintiff repeatedly and exclusively demanded to speak with an attorney. Plaintiff received no psychiatric or medical treatment other than antibiotics for an infection. Hospital staff — including Dr. Lederman — forged Plaintiff's signature on all hospital documents including the voluntary admission form. When Plaintiff reviewed her records and discovered the forgery, she formally withdrew her signature. Hospital staff thereafter falsified all discharge records. Plaintiff was released shortly after she was finally permitted to speak with legal counsel and inform her attorney that she had never signed any documents and was being held without treatment — confirming the hold had no legitimate basis from its inception.

These falsified psychiatric records — created by Holyoke Hospital to justify the unlawful hold and to support fraudulent Medicare billing of $14,000.00 to Plaintiff's Braven Health Medicare PPO Advantage Plan — contain false representations about Plaintiff's mental health status that, if publicly disclosed in connection with Plaintiff's true name, would cause severe, immediate, and irreparable harm to Plaintiff's reputation, professional standing, and personal life. The records are false. They were created by Defendants to defraud Medicare and to cover up the unlawful imprisonment of Plaintiff. Requiring Plaintiff to litigate this action under her true name would compound the harm already caused by Defendants' fabrication of those records.

### B. Sexual Harassment Claims

Plaintiff was subjected to sexual harassment by other patients during her two-week unlawful hold at Holyoke Hospital. Public disclosure of Plaintiff's identity in connection with sexual harassment claims — particularly claims arising from an unlawful psychiatric hold based on falsified records — would cause Plaintiff additional severe reputational harm and emotional distress. Courts in this Circuit have consistently recognized that sexual harassment and assault victims have a particularly compelling interest in proceeding anonymously. See Doe v. Delta Airlines, Inc., 310 F.R.D. 222 (S.D.N.Y. 2015). Critically, a Jane Doe plaintiff previously filed suit against this exact same Defendant — Holyoke Medical Center — in Hampden County Superior Court in 2019 for sexual assault occurring in the hospital's behavioral health and psychiatric unit, proceeding under the Jane Doe pseudonym. Jane Doe v. Holyoke Medical Center and John Zawada, Hampden County Superior Court (2019). That case — involving the same hospital, the same psychiatric unit, and the same Jane Doe pseudonym — establishes both: (a) the appropriateness of Jane Doe pseudonymous filing in actions against Holyoke Medical Center involving sexual assault in the psychiatric unit; and (b) that Holyoke Medical Center had actual prior notice of the danger of sexual assault to patients in its behavioral health unit — notice it deliberately failed to act upon, making it directly liable for the sexual harassment Plaintiff suffered during her unlawful two-week hold. Jane Doe & Another v. Boston Medical Center Corporation, 88 Mass. App. Ct. 289, further establishes that Massachusetts hospitals are responsible for exercising reasonable care to ensure patients are not harmed by other patients in their care. Additionally, in Doe v. City of Holyoke (April 3, 2024), a Jane Doe plaintiff filed suit directly against the City of Holyoke for failure to respond to sexual assault and harassment — the same City of Holyoke whose police department is named as a defendant in the present action — and the court allowed the Jane Doe pseudonymous filing and permitted the case to proceed.

**C. False Arrest and Fabricated Criminal Allegations**

Plaintiff was arrested based on a fabricated aggravated assault allegation. Although Plaintiff was released and filed a formal complaint against Roman Levin and Lubov Levin for filing false police reports — a complaint on file with the Holyoke Police Department — the false arrest record exists and is associated with Plaintiff's name. Public filing of this action under Plaintiff's true name would further publicize the false arrest and the fabricated allegations, compounding the reputational harm already caused by Defendants' scheme.

**D. Defendants' Deliberate Scheme to Damage Plaintiff's Reputation**

The falsification of Plaintiff's psychiatric records, the fabrication of a criminal assault allegation, the false arrest, and the two-week unlawful psychiatric hold were not accidental — they were deliberate acts designed in part to damage Plaintiff's reputation

and to undermine her credibility as she sought to assert her equitable ownership rights in 158 Pleasant Street, Holyoke, Massachusetts through Land Court proceedings. Nicole Mazur coordinated false police reports against Plaintiff specifically to remove her from the property and to damage her reputation. Requiring Plaintiff to proceed under her true name would allow Defendants to benefit from their own deliberate reputational attack on Plaintiff by forcing further public exposure of the very false records they created.

### E. Risk of Retaliation and Further Harm

The Defendants in this action include the Holyoke Police Department — whose entire force is listed as friends on Nicole Mazur's Facebook page — and a coordinated RICO enterprise involving multiple parties across Massachusetts and New York. Plaintiff has already been subjected to false arrest, false imprisonment, forgery, and sexual harassment in connection with this dispute. Public disclosure of Plaintiff's identity in connection with this action creates a substantial risk of further retaliation, harassment, and harm by Defendants and their associates.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that a complaint name all parties. However, the Second Circuit has recognized that district courts have discretion to permit a plaintiff to proceed anonymously where the plaintiff's privacy interest substantially outweighs the public's interest in disclosure. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2d Cir. 2008). The Second Circuit has identified the following non-exhaustive factors to guide this analysis:

1. Whether the litigation involves matters that are highly sensitive and of a personal nature;
2. Whether identification poses a risk of retaliatory physical or mental harm to the plaintiff;
3. Whether identification presents other harms and the likely severity of those harms;
4. Whether the plaintiff is particularly vulnerable to the possible harms of disclosure;
5. Whether the suit is challenging the actions of the government or that of private parties;
6. Whether the defendant is prejudiced by allowing the plaintiff to press her claims anonymously;

7. Whether the plaintiff's identity has thus far been kept confidential;

8. Whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose her identity;

9. Whether, because of the purely legal nature of the issues presented, there is an atypically weak public interest in knowing the litigants' identities;

10. Whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Sealed Plaintiff v. Sealed Defendant, 537 F.3d at 190. As demonstrated below, the balance of these factors overwhelmingly favors permitting Plaintiff to proceed under the pseudonym 'Jane Doe.'

## IV. ARGUMENT

### A. This Litigation Involves Matters That Are Highly Sensitive and of a Deeply Personal Nature

This action involves falsified psychiatric records, sexual harassment during an unlawful psychiatric hold, false arrest, and deliberate reputational harm. Courts in the Second Circuit have consistently held that cases involving mental health records and sexual harassment claims present sufficiently sensitive personal matters to warrant pseudonymous filing. See Doe v. Colgate Univ., 2016 WL 1448829 (N.D.N.Y. 2016); Doe v. City of New York, 201 F.R.D. 100, 102 (S.D.N.Y. 2001) (permitting anonymity where disclosure would cause 'social stigma'). The psychiatric records at issue here are particularly sensitive because they are false — fabricated by Defendants to cover up the unlawful imprisonment of Plaintiff and to defraud Medicare. Forcing Plaintiff to litigate under her true name would publicly associate her with fabricated psychiatric diagnoses she never received and never consented to.

### B. Disclosure Poses Substantial Risk of Reputational Harm and Retaliation

Public disclosure of Plaintiff's identity in connection with falsified psychiatric records, a false arrest for aggravated assault, sexual harassment claims, and a two-week involuntary psychiatric hold would cause severe and irreparable reputational harm to Plaintiff — harm that would be impossible to remedy after the fact. Moreover, the Defendants in this action include a municipal police department whose entire force maintains an undisclosed Facebook friendship with the ringleader of the RICO enterprise — Nicole Mazur. Plaintiff has already been subjected to false arrest and false imprisonment orchestrated in part through the Holyoke Police Department. The risk of further retaliation and harm upon public disclosure of Plaintiff's identity is substantial and well-founded.

**C. Plaintiff Is Particularly Vulnerable to the Harms of Disclosure**

Plaintiff's vulnerability to the harms of disclosure is heightened by the deliberate nature of Defendants' scheme. The falsified psychiatric records were created specifically to damage Plaintiff's credibility and reputation in connection with her property ownership claims. The false arrest allegation — aggravated assault — carries severe social stigma. The sexual harassment claims arise from an environment of unlawful confinement for which Plaintiff bears no responsibility. Plaintiff's vulnerability is not the result of any conduct on her part but is entirely the product of Defendants' deliberate criminal scheme.

**D. Defendants Are Not Prejudiced by Pseudonymous Filing**

Permitting Plaintiff to proceed under a pseudonym will not prejudice Defendants. Plaintiff's true identity will be disclosed to Defendants upon entry of an appropriate protective order. Defendants will have full knowledge of Plaintiff's identity for purposes of discovery, preparation of their defense, and all other aspects of this litigation. The only effect of pseudonymous filing is to prevent unnecessary public disclosure of Plaintiff's identity in connection with fabricated psychiatric records and sexual harassment claims — a disclosure that would serve no legitimate purpose and would cause severe irreparable harm.

**E. Plaintiff's Identity Has Thus Far Been Kept Confidential**

Plaintiff has taken reasonable steps to maintain the confidentiality of her identity in connection with the sensitive claims at issue in this action. Plaintiff has not publicly disclosed her identity in connection with the falsified psychiatric records or the sexual harassment claims. Permitting pseudonymous filing preserves this confidentiality and prevents the irreparable harm that would result from public disclosure.

**F. The Public Interest Does Not Require Disclosure of Plaintiff's Identity**

The public interest in this litigation is fully served without disclosure of Plaintiff's true name. The serious public interests at stake — RICO fraud, Medicare fraud, elder financial exploitation, police misconduct, real estate fraud, and civil rights violations — are all fully litigable under a pseudonym. The identities of the Defendants — Nicole Mazur, Holyoke Hospital, the Holyoke Police Department, Berkshire Hathaway HomeServices, Reynolds and Werman PC, Goldman Sachs Philanthropy Fund, and others — are fully disclosed. The public's interest in monitoring this litigation and holding these Defendants accountable is not diminished by permitting Plaintiff to proceed under a pseudonym.

**G. The Fabricated Records Were Created to Harm Plaintiff — She Should Not Be Further Victimized by Their Public Disclosure**

Perhaps most compelling, the very records that create the need for anonymity — the falsified psychiatric records — were fabricated by Defendants as part of their scheme against Plaintiff. To require Plaintiff to proceed under her true name would allow Defendants to benefit from their own deliberate wrongdoing by forcing Plaintiff to publicly litigate under her real name in connection with false records they created to harm her. Courts of equity do not permit wrongdoers to profit from their own misconduct. Permitting pseudonymous filing is the equitable remedy that prevents Defendants from extracting further harm from the false records they deliberately fabricated.

**H. Alternative Protective Measures**

In addition to or in lieu of full pseudonymous filing, Plaintiff respectfully proposes the following alternative protective measures if this Court determines that full anonymity is not warranted: (1) sealing of all documents containing Plaintiff's psychiatric records; (2) a protective order prohibiting Defendants from publicly disclosing Plaintiff's identity; (3) in camera review of sensitive medical records; and (4) any other measures this Court deems appropriate to protect Plaintiff's privacy interests while preserving the public record of this proceeding.

**V. RELIEF REQUESTED**

For all of the foregoing reasons, Plaintiff Jane Doe respectfully requests that this Honorable Court:

1. GRANT this Motion and permit Plaintiff to proceed in this action under the pseudonym 'Jane Doe' throughout all public filings and proceedings;
2. ORDER that all public filings in this action identify Plaintiff as 'Jane Doe' and that Plaintiff's true name be maintained under seal;
3. ORDER that Plaintiff's true identity be disclosed to Defendants and their counsel upon entry of an appropriate protective order governing the confidential treatment of that information;
4. ORDER that Defendants and their counsel be prohibited from publicly disclosing Plaintiff's true identity in connection with this action without further Order of this Court;

5. ORDER that all hospital records, psychiatric records, and other sensitive medical information be filed under seal and subject to in camera review by this Court;

6. In the alternative, enter such other protective orders as this Court deems appropriate to protect Plaintiff's privacy interests while preserving the public interest in this litigation;

7. GRANT such other and further relief as this Court deems just and proper.

## VI. CONCLUSION

Plaintiff Jane Doe is a courageous litigant who has chosen to bring this action to expose a coordinated RICO enterprise involving real estate fraud, elder exploitation, Medicare fraud, police misconduct, and civil rights violations — all of which inflicted serious harm upon her and upon her family. She should not be required to suffer additional irreparable reputational harm as the price of access to justice. The falsified psychiatric records at issue in this action were created by Defendants to harm her. The false arrest allegation was fabricated to discredit her. The sexual harassment she suffered occurred during an unlawful imprisonment imposed upon her by Defendants. Justice requires that this Court grant Plaintiff the modest protection of proceeding under a pseudonym while she seeks accountability for these serious wrongs.

## VII. VERIFICATION

I, Jane Doe, Plaintiff herein, declare under the pains and penalties of perjury under the laws of the United States of America that the foregoing statements are true and accurate to the best of my personal knowledge, information, and belief.

Respectfully submitted,

Dated: Jane Doe

8-3-2026

Jane Doe, Plaintiff, Pro Se

c/o: [Attorney Name if represented]

[Address for Service]

*~~IMPORTANT NOTICE: This document is a legal template prepared for informational purposes and should be reviewed and finalized by a licensed federal attorney before filing~~. Contact the New York City Bar Association Lawyer Referral Service at (212) 626-7373 for attorney referral. Many RICO attorneys take cases on contingency given the availability of treble damages and attorneys fees under 18 U.S.C. § 1964(c).*

NOTICE OF FORTHCOMING AMENDMENT TO ADD CITY OF HOLYOKE AND HOLYOKE POLICE DEPARTMENT AS DEFENDANTS

Plaintiff hereby provides notice to this Court that this complaint will be amended within six (6) months of the date of filing to add the following additional defendants:

1. CITY OF HOLYOKE, Massachusetts — a municipal corporation;
2. HOLYOKE POLICE DEPARTMENT — a municipal law enforcement agency;
3. JOHN DOE RED-HAIRED OFFICER — Holyoke Police officer, Facebook friend of Nicole Mazur, identity to be confirmed through subpoena of Holyoke Police records;
4. HOLYOKE POLICE SUPERVISOR — identity to be confirmed through subpoena of Holyoke Police records; and
5. JOHN DOE OFFICERS 1-10 — additional Holyoke Police officers involved in Plaintiff's false arrest and unlawful detention.

The reason for the forthcoming amendment is as follows: Pursuant to M.G.L. c. 258, § 4 — the Massachusetts Tort Claims Act — a claimant must present a formal Notice of Claim to a Massachusetts municipality at least six (6) months before commencing a civil action against that municipality. Plaintiff has presented a Notice of Claim to the City of Holyoke and the Holyoke Police Department simultaneously with the filing of this complaint. The six-month statutory waiting period will expire approximately six months from the date of this filing, at which time Plaintiff will file a Motion to Amend this Complaint pursuant to Federal Rule of Civil Procedure 15(a) to add the City of Holyoke, the Holyoke Police Department, and the individual Holyoke Police officers as defendants.

The claims against the City of Holyoke and Holyoke Police Department are fully described in this complaint and include: false arrest, false imprisonment, denial of right to counsel, abuse of process, civil rights violations under 42 U.S.C. § 1983, and Monell liability based on the institutional conflict of interest arising from the entire Holyoke Police Department's Facebook friendship with Nicole Mazur and the supervisory ratification of the arresting officer's misconduct. All factual allegations supporting these claims are set forth herein and are hereby incorporated by reference into the forthcoming amendment.

Plaintiff requests that this Court take notice of the forthcoming amendment and preserve

all evidence and discovery relevant to the City of Holyoke and Holyoke Police Department claims pending the amendment.

PLAINTIFF'S RESERVATION OF RIGHTS TO AMEND AND ADD DEFENDANTS

Plaintiff expressly reserves the right to amend this complaint and add additional defendants upon completion of discovery. Specifically, Plaintiff reserves the right to:

1. Identify and name Jane Doe Social Worker by her full name and professional license number upon subpoena of Holyoke Police Department records;

3. Identify and name Defendant Robert by his full legal name upon subpoena of Goldman Sachs & Co. LLC employment records;

4. Add the exact dates of all wire fraud predicate acts upon subpoena of telephone records for Nicole Mazur's Astoria, New York phone number and Robert's Goldman Sachs communications;

5. Add additional co-conspirators identified through discovery, including any additional Goldman Sachs employees, nursing home personnel who facilitated the isolation of Lubov Levin, or other parties identified in Holyoke Police or hospital records;

6. Increase the damages demand upon expert appraisal of Roman Levin's literary estate — including the Nobel Laureate correspondence and rare Dovlatov editions — and forensic accounting of all dissipated financial assets;

7. Add the City of Holyoke Notice of Claim as an exhibit upon filing and confirmation of receipt by the City of Holyoke.

The filing of this complaint commences the tolling of all applicable statutes of limitations as to all named and unnamed co-conspirators in the RICO enterprise.