UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

Plaintiff,

-against-

NICOLE MAZUR; LUBOV LEVIN; IAN GABBIDON; PAT HAHN; PAT HAHN REAL ESTATE; IVAN KARAMIAN; BERKSHIRE HATHAWAY HOMESERVICES OF MASSACHUSETTS, INC.; REYNOLDS AND WERMAN PC; ROBERT [LAST NAME UNKNOWN]; GOLDMAN SACHS & CO. LLC; GOLDMAN SACHS PHILANTHROPY FUND; HOLYOKE POLICE DEPARTMENT; JOHN DOE OFFICERS 1-10; VALLEY HEALTH SYSTEMS, INC.; HOLYOKE HOSPITAL; SPURIS HATIRAS; DR. LEDERMAN [FIRST NAME UNKNOWN]; JANE DOE SOCIAL WORKER; HOLYOKE HOSPITAL RISK MANAGEMENT DEPARTMENT; BRAVEN HEALTH; BLUE CROSS BLUE SHIELD OF NEW JERSEY,

Defendants.

26-CV-6758 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jane Doe commenced this action *pro se*. By order dated August 11, 2026, the Court transferred this action, under 28 U.S.C. § 1404(a), to the United States District Court for the District of Massachusetts. (ECF No. 8.) Because Plaintiff filed a motion for emergency preliminary relief along with her complaint, the Court waived the seven-day waiting period under Local Civil Rule 83.1 and directed the Clerk of Court to transfer this action "immediately upon entry" of the order. (*Id*. at 5.) The Clerk of Court completed the transfer of this action on the same day and thereafter closed this case in this Court.

On August 17, 2026, Plaintiff filed a series of documents in this Court, rather than in the court where the action was then pending, the District of Massachusetts. Plaintiff's filings include: (1) an amended complaint (ECF No. 9); (2) a document that she styles as a "Notice of Forthcoming Amendment to Add City of Holyoke and Holyoke Police Department as Defendants" (ECF No. 10); (3) a document that she styles as a "Motion for Appointment of Pro Bono Counsel" (ECF No. 11); and (4) a document that she styles as an "Emergency Motion to Seal Original Complaint and Replace with First Amended Complaint and Strike Plaintiff's Real Name from the Record to Protect Pseudonymous Filing Status" (ECF No. 12).

The transfer of an action generally divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction over the action only if the party seeking review acts to seek review of the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 70 F.3d 736, 739 (2d Cir. 1995). Because Plaintiff filed the above-described documents with this Court after the transferee court—that is, the United States District Court for the District of Massachusetts—had already received the physical court file for this civil action, this Court lacks jurisdiction to consider or otherwise take action with regard to Plaintiff's filings.

In light of Plaintiff's *pro se* status, however, the Court directs the Clerk of Court to transmit this order and the above-referenced documents to the District of Massachusetts, so that the transferee court is aware of these filings. This Court leaves to the transferee court the determination of whether any of those documents were properly filed.

The Court further directs Plaintiff to direct all future filings in her civil action to the District of Massachusetts. As the Court informed Plaintiff in its order dated August 11, 2026, Plaintiff's action in this court is closed.

**CONCLUSION**

The Clerk of Court is directed to transmit the following documents to the United States District Court for the District of Massachusetts: (1) a copy of this order; (2) Amended Complaint (ECF No. 9); (3) the document that Plaintiff styles as a "Notice of Forthcoming Amendment to Add City of Holyoke and Holyoke Police Department as Defendants" (ECF No. 10); (4) the document that Plaintiff styles as a "Motion for Appointment of Pro Bono Counsel" (ECF No. 11); and (5) the document that Plaintiff styles as an "Emergency Motion to Seal Original Complaint and Replaced with First Amended Complaint and Strike Plaintiff's Real Name from the Record to Protect Pseudonymous Filing Status" (ECF No. 12).

The Clerk of Court is directed to terminate the motions pending at ECF Nos. 10-12.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 25, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge